IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

ROBERT J. PERHACS, :
    Plaintiff : No. 3:09-CV-26
     :
    v. : (CHIEF JUDGE KANE)
     : (MAGISTRATE JUDGE PRINCE)
NATIONAL VENDOR SERVICES and :
NATIONAL PRODUCT SERVICES, INC., :
    Defendants :

# **REPORT AND RECOMMENDATION**

## **I. Procedural Background**

Pursuant to an Order entered on August 5, 2010 (Doc. 36), the Honorable Yvette Kane referred the Defendants' pending Motion for Summary Judgment to the undersigned for the purpose of preparing a Report and Recommendation.

Plaintiff initiated this action on January 7, 2009 alleging wrongful termination in violation of the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, *et seq.* (Doc. 1). Named as Defendants are National Vendor Services ("NVS") and National Product Services, Inc. ("NPS"). On April 1, 2010, Defendants filed a Motion for Summary Judgment (Doc. 27) along with a Brief in Support (Doc. 28) and a Statement of Facts (Doc. 29). Plaintiff filed a Brief in

Opposition[1] on May 17, 2010 (Doc. 32) and Exhibits to the Brief in Opposition on May 18, 2010 (Doc. 33).[2] A Reply Brief was filed by Defendants on June 1, 2010. (Doc. 35). The matter is now ripe for disposition. For the reasons that follow, it will be recommended that the Defendants' Motion for Summary Judgment be granted.

## II. Factual Background

Viewing the facts in a light most favorable to Plaintiff reveals the following background: Plaintiff was born on November 7, 1954. He was previously employed by Service Express as a Vendor Service Representative. In May, 2005, National Vendor Services, a wholly-owned subsidiary of National Product

---

[1] The Brief in Opposition included a Counterstatement of Material Facts. *See* Doc. 32.

[2] Included amongst the list of Exhibits is an Affidavit executed by Plaintiff on May 16, 2010, over four (4) months after his deposition in this matter. The Third Circuit Court of Appeals has noted that "a party may not create a material issue of fact to defeat summary judgment by filing an affidavit disputing his or her own sworn testimony without demonstrating a plausible explanation for the conflict." Jiminez v. All American Rathskeller, Inc., 503 F.3d 247, 251 (3d Cir.2007; Baer v. Chase, 392 F.3d 609, 624 (3d Cir.2004). Courts have termed an affidavit produced solely for this purpose a "sham affidavit," and found that such a document "cannot raise a genuine issue of fact because it is merely a variance from earlier deposition testimony, and therefore no reasonable jury could rely on it to find for the nonmovant." Jiminez at 253. Inasmuch as the present Affidavit appears to contradict parts of his deposition testimony, without explaining the conflict, the court will disregard it.

Services, Inc., purchased Service Express and hired Plaintiff as a Vendor Service Representative. During Plaintiff's employment, NVS provided merchandise servicing exclusively to Lowe's, a chain of home improvement stores, throughout the country. At all times relevant to the complaint, Lowe's was the sole customer of NVS.

In his employment, Plaintiff worked exclusively within Lowe's by acting as a liaison between vendors in the fashion plumbing section of Lowe's in Pennsylvania, New York and New Jersey. The duties of this position included setting-up and maintaining product displays in the fashion plumbing department of the Lowe's stores to which he was assigned. On August 23, 2006, Plaintiff was servicing the Lowe's store in Bethlehem, Pennsylvania by setting-up a bathroom vanity display. Following events occurring that day, Lowe's informed Plaintiff's supervisor, Gregg Singer, that it did not want Plaintiff working in Lowe's stores.[3] Thereafter, on August 26, 2006, Singer terminated Plaintiff's employment with the Defendants. The present action followed. Plaintiff asserts that he was terminated based on his age and that his replacement was younger than he.

---

[3] Lowe's action was apparently prompted by Plaintiff's alleged attempt to remove a faucet from the store without permission.

**III. Standard of Review**

Federal Rule of Civil Procedure 56(c) requires the court to render summary judgment " . . . forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c).  "[T]his standard provides that the mere existence of <u>some</u> alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no <u>genuine</u> issue of <u>material</u> fact."  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986) (emphasis in original).

A disputed fact is "material" if proof of its existence or nonexistence would affect the outcome of the case under applicable substantive law.  <u>Anderson</u>, 477 U.S. at 248; <u>Gray v. York Newspapers, Inc.</u>, 957 F.2d 1070, 1078 (3d Cir. 1992).  An issue of material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.  <u>Anderson</u>, 477 U.S. at 257; <u>Brenner v. Local 514, United Brotherhood of Carpenters and Joiners of America</u>, 927 F.2d 1283, 1287-88 (3d Cir. 1991).

When determining whether there is a genuine issue of material fact, the court must view the facts and all reasonable inferences in favor of the nonmoving

4

party.  Moore v. Tartler, 986 F.2d 682 (3d Cir. 1993); Clement v. Consolidated Rail Corporation, 963 F.2d 599, 600 (3d Cir. 1992); White v. Westinghouse Electric Company, 862 F.2d 56, 59 (3d Cir. 1988).  In order to avoid summary judgment, however, the nonmoving party may not rest on the unsubstantiated allegations of his or her pleadings.  When the party seeking summary judgment satisfies its burden under Rule 56(c) of identifying evidence which demonstrates the absence of a genuine issue of material fact, the nonmoving party is required by Rule 56(e) to go beyond the pleadings with affidavits, depositions, answers to interrogatories or the like in order to demonstrate specific material facts which give rise to a genuine issue.  Celotex Corporation v. Catrett, 477 U.S. 317, 324 (1986).  The party opposing the motion "must do more than simply show that there is some metaphysical doubt as to the material facts."  Matsushita Electric Industrial Co. v. Zenith Radio, 475 U.S. 574, 586 (1986).  When Rule 56(e) shifts the burden of production to the nonmoving party, that party must produce evidence to show the existence of every element essential to its case which it bears the burden of proving at trial, for "a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial."  Celotex, 477 U.S. at 323.  *See* Harter v. G.A.F. Corp., 967 F.2d 846, 851 (3d Cir. 1992).

**IV. Discussion**

Title VII prohibits discrimination against an individual on the basis of that individual's "race, color, religion, sex, or national origin." 42 U.S.C. § 2000(e)-2. Age is not a proscribed basis for discrimination under Title VII. Id. The ADEA, however, is the legislatively enacted provision that prohibits discrimination on the basis of an individual's age and it mirrors Title VII in its substantive provisions. *See e.g.*, Ahlmeyer v. Nevada System of High Ed., 555 F.3d 1051, 1058 (9th Cir. 2009) ("Title VII of the Civil Rights Act of 1964 provides an avenue for plaintiffs to assert claims for employment discrimination based on 'race, color, religion, sex or national origin ... In its substantive provisions, the ADEA mirrors Title VII...."). The PHRA likewise prohibits discrimination by employers on the basis of age. *See* 43 P.S. § 954(a).[4]

In the absence of direct evidence, cases such as Plaintiff's are examined under the evidentiary framework first set forth by the Supreme Court in McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973). With respect to an allegation of age discrimination, under the McDonnell Douglas framework:

---

[4] The court will analyze Plaintiffs' ADEA and PHRA claims under the same standards inasmuch as courts generally have interpreted the PHRA's parallel provisions in Title VII, the ADA, or the ADEA in accordance with its federal counterparts. Kelly v. Drexel University, 94 F.3d 102, 105 (3d Cir. 1996).

6

> the plaintiff bears the burden of proof and the initial burden of production, having to demonstrate a prima facie case of discrimination by showing first, that the plaintiff is forty years of age or older; second, that the defendant took an adverse employment action against the plaintiff; third, that the plaintiff was qualified for the position in question; and fourth, that the plaintiff was ultimately replaced by another employee who was sufficiently younger to support an inference of discriminatory animus. Once the plaintiff satisfies these elements, the burden of production shifts to the employer to identify a legitimate non-discriminatory reason for the adverse employment action. If the employer does so, the burden of production returns to the plaintiff to demonstrate that the employer's proffered rationale was a pretext for age discrimination. At all times, however, the burden of persuasion rests with the plaintiff.

Smith v. City of Allentown, 589 F.3d 684, 689-90 (3d Cir. 2009).

"If the employer offers evidence of a legitimate, non-discriminatory reason for the adverse employment decision, the plaintiff must produce evidence 'from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action.'" Potoski v. Wilkes University, 692 F. Supp. 2d 475, 484 (M.D. Pa. 2010) (Vanaskie, J.) (quoting Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir. 1994). To prevail on such a claim, the plaintiff must establish by a preponderance of the evidence that age discrimination was the "but-for" cause of the challenged adverse employment action. Gross v. FBL Fin. Servs., Inc., --- U.S. ----, 129 S.Ct. 2343,

7

2351 (2009). *See* Akin v. York County Prison, No. 1:09-CV-2484, 2010 WL 2342502, *6 n.4 (M.D. Pa. June 8, 2010) (Rambo, J.) (observing that "[i]n Smith, the Third Circuit reaffirmed that the familiar McDonnell Douglas burden shifting framework applies in ADEA cases despite the Supreme Court's skepticism expressed in Gross"); Starceski v. Westinghouse Elec. Corp., 54 F.3d 1089, 1095 n. 4 (3d Cir.1995) ("Throughout this burden-shifting exercise, the burden of persuasion, 'including the burden of proving 'but for' causation or causation in fact, remains on the employee.'" (citing Tex. Dep't of Comm. Affairs v. Burdine, 450 U.S. 248, 254-55 (1981)).

Defendants first challenge Plaintiff's ability to establish a prima facie case of age discrimination. The undisputed factual averments demonstrate that Plaintiff can meet the first two (2) elements of a prima facie case of age discrimination, *to wit*, that Plaintiff is within the protected class, having been born in 1954, and that he was terminated from his position as a Vendor Service Representative by the Defendants. Moreover, as to the fourth element, Plaintiff was replaced by a person nine (9) years his junior, a factor which could lead a reasonable jury to infer discriminatory animus.[5] *See* Sempier v. Johnson & Higgins, 45 F.3d 724,

---

[5] Plaintiff asserts that he was replaced by Mary McConnell, who was born in 1963. The court notes that, as with Plaintiff's replacement, a "sufficiently younger" employee need not be outside of the protected class (40 years of age) to

8

729 (3d Cir. 1995) (as little as a five year age differential may suffice to raise an inference of age discrimination).

Defendants argue, however, that Plaintiff cannot meet the third element necessary to meet his initial burden of establishing a prima facie case of age discrimination by showing that he was qualified for the position. Given that the nature of the job required him to be able to perform work within Lowe's, inasmuch as Lowe's had indicated that Plaintiff would no longer be permitted to service its stores, Defendants claim that Plaintiff was unqualified for the position. Plaintiff merely asserts that he was "more than qualified" for the position, presumably based on his having held the position for several years and performing it satisfactorily. (Doc. 32, p11). The parties therefore dispute whether Plaintiff was "qualified" for the position of Vendor Service Representative for purposes of establishing a prima facie case of age discrimination under the McDonnell Douglas framework.

Prior to the events of August 23, 2006 which gave rise to this cause of action, the parties would not dispute that Plaintiff was "qualified" for the position of Vendor Service Representative, possessing both the abilities to perform the job as well as access to the location where the work was to be performed. After being

---

establish this element. Showalter v. UPMC, 190 F.3d 231, 235-36 (3d Cir.1999).

9

advised by Lowe's that Plaintiff would no longer be welcome in its stores, although he continued to retain the skills to accomplish the tasks of the position, Plaintiff was divested of access to the only arena in which the job was performed. Much like a driver or a pilot whose license is lost, retaining the ability but not the authorization to work renders one "unqualified." *See* Martin v. Lennox Intern. Inc., 342 Fed.Appx. 15 (5th Cir. 2009) (plaintiff not qualified to work as a pilot because he lacked the required FAA certification at the time he was terminated); Barbee v. Southeastern Pa. Transp. Authority, 323 Fed.Appx. 159 (3d Cir. 1999) (finding bus driver who was restricted from commercial driving was no longer qualified for his job because the restriction effectively precluded him from performing the duties of the job.). The ability to work within Lowe's is a necessary prerequisite to the position of Vendor Service Representative, considering that Lowe's was the sole customer of NPS and the sole place where the job was performed. Lacking the necessary authorization to work in Lowe's renders Plaintiff unqualified for the position of Vendor Service Representative. Consequently, Plaintiff cannot establish a prima facie case of age discrimination given he was no longer qualified to perform in the position.

Therefore, assuming, *arguendo*, that Plaintiff had met his initial burden of putting forth evidence to establish a prima facie case of age discrimination, the Defendants have articulated a legitimate non-discriminatory reason for the adverse employment action. Defendants contend that the directive from Lowe's that Plaintiff not work in its stores precludes his performance of the duties for the position in which he was employed. They have, therefore, offered a legitimate non-discriminatory reason for Plaintiff's discharge, given the fact that access to Lowe's stores and the ability to work therein is a necessary condition to the successful performance of the Vendor Service Representative position. Having met their burden, Plaintiff is therefore required to offer evidence suggesting that the reason offered by Defendants is pretextual for age discrimination.

Plaintiff has offered no evidence to suggest that age was a factor in their decision to terminate him. While conceding that his ban from working in Lowe's would preclude his ability to perform the duties of his job as a Vendor Service Representative with NVS inasmuch as Lowe's was NVS' only customer and it was the only place such work was performed, Plaintiff contends instead that his true employer was NPS. He argues that a different position within the NPS organization would have been possible for him to hold and should have been offered. Having failed to offer him a different position in NPS, Plaintiff asserts,

11

demonstrates the age-based animus of the Defendants decision to terminate Plaintiff.

In making this argument, however, Plaintiff has not offered support for his contention that Defendants were obligated to offer him different employment, or that their failure to do so is indicative of an improper motive behind his termination. Such an assertions is wholly unsupported inasmuch as Plaintiff has failed to identify other positions with the Defendants for which he was qualified but passed over in favor of younger applicants or to establish instances where Defendants transferred similarly-situated, younger employees who were facing discharge to other work. *See* Ercegovich v. Goodyear Tire & Rubber Co., 154 F.3d 344, 351 (6th Cir. 1998) (explaining that "[a]lthough an employer is under no obligation to transfer to another position in the company an employee whose position has been eliminated, the employer violates the ADEA [Age Discrimination in Employment Act] when it transfers other displaced employees but does not place the plaintiff in a new position because of age discrimination); *see generally* Bingaman v. Procter & Gamble Co., No. , 2005 WL 1579703, *4 (6th Cir. July 06, 2005) (finding summary judgment with respect to the plaintiffs' failure-to-transfer claim under the ADA is proper because the plaintiffs failed to carry their burden of demonstrating that positions were available at other P & G

12

facilities for which the Plaintiffs were qualified.). Recognizing that the burden of production remains with the Plaintiff, *see* Smith, *supra*, his naked allegation that Defendants could have or should have offered him other employment is insufficient to carry his burden. Consequently, he failed to sufficiently plead that he received differential treatment, and, thus, failed to assert facts giving rise to an inference of discriminatory animus.

Plaintiff has not, therefore, demonstrated such "weaknesses or implausibilities . . . in the [Defendants'] proffered legitimate reason for its action that a reasonable factfinder could rationally determine it 'unworthy of credence,' and hence infer 'that the employer did not act for [the asserted] non-discriminatory reasons.'" Fuentes at 765 (citations omitted). Plaintiff has not put forth any evidence to allow the finder of fact to conclude that but-for his age, the adverse employment action would not have occurred. Indeed, regardless of age, it is difficult to imagine how Plaintiff could have retained his position when he was barred from the only location where his work was performed. Accordingly, he has not carried his burden to establish his claim for age discrimination. Consequently, it will be recommended that the Defendants' Motion be granted.

**V. Recommendation**

Based on the foregoing, it is respectfully recommended that Defendants'

Motion for Summary Judgment (Doc. 27) be granted.


Date: August 10, 2010              s/ William T. Prince
                                   William T. Prince
                                   United States Magistrate Judge