# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **ROBERT J. PERHACS,** : | |
| : | Civil Action No. 3:09-cv-00026 |
| **Plaintiff** : | |
| : | (Chief Judge Kane) |
| v. : | |
| : | (Magistrate Judge Prince) |
| **NATIONAL VENDOR SERVICES and** : | |
| **NATIONAL PRODUCT SERVICES, INC.,** : | |
| : | |
| **Defendants** : | |

## MEMORANDUM ORDER

Presently pending before the Court is the report and recommendation of Magistrate Judge Prince (Doc. No. 37) addressing Defendants' motion for summary judgment (Doc. No. 27), along with Plaintiff's objections (Doc. No. 40) and Defendants' response (Doc. No. 42). The Court will adopt the report and recommendation in full, but will briefly address Plaintiff's objections.[1]

This case concerns a civil action in which Plaintiff has alleged claims under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, et seq., and the Pennsylvania Human Relations Act ("PHRA"), 43 P.S. § 951, et seq. (Doc. No. 1 ¶ 1.) Plaintiff was originally hired by Service Express in 2003 as a Vendor Service Representative. (Doc. No. 28 at 2.) In 2005, National Product Services purchased Service Express and renamed the newly purchased subsidiary NPS Express, Inc. (Doc. No. 34-2 at 1.) Later that year, National Product

---

[1]The Magistrate Act, 28 U.S.C. § 636, and Federal Rule of Civil Procedure 72(b), provide that any party may file written objections to a magistrate's proposed findings and recommendations. In deciding whether to accept, reject, or modify the report and recommendation, the Court is to make a *de novo* determination of those portions of the report and recommendation to which objection is made. 28 U.S.C. § 636(b)(1).

1

Services decided that NPS Express, Inc. would be incorporated and operated under the name National Vendor Services. (Id.) For the duration of Plaintiff's employment, Lowe's was the sole customer of National Vendor Services. (Doc. No. 22-4 at 152.) Plaintiff worked exclusively within Lowe's as a liaison between vendors in the fashion plumbing section of Lowe's stores in Pennsylvania, New York, and New Jersey. (Doc. No. 32 at 2.) On August 23, 2006, Plaintiff was setting up a bathroom vanity display in a Lowe's store in Bethlehem, Pennsylvania. (Id. at 5.) As a result of events occurring that day, Lowe's informed Plaintiff's supervisors that it would thereafter prohibit Plaintiff from working in any of Lowe's stores. (Id. at 6.) Plaintiff's employment was terminated on August 26, 2006. (Id.) Plaintiff asserts that he was terminated because of his age and that his replacement was younger than he. (Doc. No. 1 ¶¶14, 15.)

The factual details and legal standards governing Defendants' motion for summary judgment are comprehensively set forth in Judge Prince's report and need not be reproduced here. In his report, Judge Prince recommends that Defendants' summary judgment motion be granted in full. (Doc. No. 37 at 2.) Specifically, Judge Prince found that Plaintiff failed to establish a prima facie case of age discrimination because he was not qualified for the position of Vendor Service Representative. (Id. at 10.) Even if Plaintiff had established a prima facie case, Judge Prince found that Defendants had articulated a legitimate non-discriminatory reason for the adverse employment action and Plaintiff failed to show that, but-for his age, he would not have been terminated. (Id. at 11, 13.)

Plaintiff first challenges Judge Prince's finding that Plaintiff was employed by National Vendor Services. (Doc. No. 40 at 1.) In his deposition, Plaintiff repeatedly stated that he was

employed and terminated by National Vendor Services. (Doc. No. 22-2 at 33-34, 38-39; Doc. No. 22-3 at 76; Doc. No. 22-4 at 118, 145.) However, Plaintiff's brief in opposition to summary judgment and brief in support of the objections both cite to an affidavit executed by Plaintiff on May 16, 2010, almost four months after his deposition. (Doc. No. 33-22.) In this affidavit, Plaintiff claims that he was employed by National Product Services, not National Vendor Services. (Id. at 2, 3.) In his report, Judge Prince explained that pursuant to the sham affidavit doctrine, the parts of Plaintiff's affidavit that were inconsistent with his deposition testimony would be disregarded. (Doc. No. 37 at 2 n.2); see Jiminez v. All American Rathskeller, Inc., 503 F.3d 247, 254 (3d Cir. 2007) ("When a party does not explain the contradiction between a subsequent affidavit and a prior deposition, it is appropriate for the district court to disregard the subsequent affidavit and the alleged factual issue in dispute as a 'sham,' therefore not creating an impediment to a grant of summary judgment based on the deposition."). The Court finds no error in Judge Prince's determination that Plaintiff's affidavit is properly disregarded. Even taking Plaintiff's affidavit into consideration, the Court finds that the record shows that Plaintiff's employer was National Vendor Services and not National Product Services.[2] Moreover, the Court notes that the identity of Plaintiff's employer does not affect Judge Prince's finding that summary judgment is warranted. Therefore, Plaintiff's first objection fails.

---

[2]The headings on Plaintiff's employment application and employment agreement name NPS Express, Inc. as the employer, not National Product Services. (Doc. Nos. 33-2; 33-3.) NPS Express, Inc. was later transformed into National Vendor Services, a wholly-owned subsidiary of National Product Services. (Doc. No. 34-2 at 1.) Additionally, a "Notice of Determination" from the Commonwealth of Pennsylvania Department of Labor regarding Plaintiff's unemployment benefits lists only National Vendor Services as his employer. (Doc. No. 32-15 at 2.) Furthermore, both of Plaintiff's supervisors during his employment were National Vendor Services employees. (Doc. No. 20-2 at 1; Doc. No. 21-2 at 1.)

Plaintiff's second objection is that National Vendor Services did not have standing to file a motion for summary judgment. (Doc. No. 40 at 1.) Plaintiff does not provide any support for this argument in his brief in support of the objections, and the Court finds no error in Judge Prince's finding that both National Vendor Services and National Product Services had standing to file a motion for summary judgment under Federal Rule of Civil Procedure 56(b).

Plaintiff next objects to the report's statement that Lowe's was the sole customer of National Product Services. (Doc. No. 40 at 1.) On page 10 of the report, Judge Prince does state in passing that Lowe's was the sole customer of "NPS." (Doc. No. 37 at 10.) However, the Court finds that this was an inadvertent error. Numerous other times throughout the report, Judge Prince correctly references Lowe's as National Vendor Services' only customer. (Id. at 3, 9, 11.) Furthermore, the only evidence of other National Product Services customers that Plaintiff provides is a list from National Product Services' website, apparently accessed on May 14, 2010. (Doc. No. 33-7.) There is no record evidence that these customers were customers of National Product Services during Plaintiff's employment. Additionally, the Court finds that the identity of National Product Services' customers does not affect Judge Prince's finding that Defendants are entitled to summary judgment. Accordingly, Plaintiff's third objection fails.

Plaintiff's fourth objection is that Judge Prince erred in determining that National Product Services had no legal obligation to offer him an alternate position. (Doc. No. 40 at 2.) Plaintiff concedes that Lowe's' decision to prohibit him from servicing all Lowe's stores prevented him from working as a Vendor Service Representative for National Vendor Services, due to the fact that Lowe's was National Vendor Services' only customer. (Doc. No. 22-4 at 152-53.) However, Plaintiff now claims that Defendants' failure to transfer him to a position in

4

National Product Services demonstrates Defendants' improper motive behind his termination. (Doc. No. 41 at 2.) As Judge Prince correctly noted, Plaintiff has offered no support for the contention that his employer (whether National Vendor Services or National Product Services, though the Court finds that National Vendor Services was Plaintiff's employer) is obligated to offer him different employment. (Doc. No. 37 at 12.) Additionally, Plaintiff has failed to demonstrate that he received differential treatment when Defendants did not offer him other employment. See Erecegovich v. Goodyear Tire & Rubber Co., 154 F.3d 344, 351 (6th Cir. 1998) ("Although an employer is under no obligation to transfer to another position an employee whose position has been eliminated, the employer violates the ADEA when it transfers other displaced employees but does not place the plaintiff in a new position because of age discrimination."). Therefore, the Court finds no error in Judge's Prince's finding that Plaintiff has not carried his burden to establish a claim of age discrimination.

Similarly, Plaintiff objects to Judge Prince's finding that he "failed to identify other positions with [National Product Services] for which [he] was qualified." (Doc. No. 40 at 2.) As a preliminary matter, Plaintiff misstates Judge Prince's finding. Judge Prince found that Plaintiff "failed to identify other positions with Defendants for which he was qualified *but passed over in favor of younger applicants*." (Doc. No. 37 at 12.) (emphasis added). The Court finds no error in Judge Prince's determination that Plaintiff has failed to identify an instance in which he was qualified for an open position with Defendants but Defendants instead chose a younger applicant. In addition, the Court finds that Plaintiff's objection is without merit. In support of his objection, Plaintiff cites pages from National Product Services' website advertising current employment opportunities. (Doc. Nos. 33-7; 33-8.) The website pages appear to have been

accessed on May 14, 2010. (Id.) However, the fact that Defendants are advertising employment opportunities in 2010 does not change the fact that Plaintiff has failed to identify any open positions with Defendants in 2006 for which he was qualified. In addition, Plaintiff offers no support for the contention that an employer is obligated to offer other employment or that a failure to do so is indicative of age discrimination. Therefore, Plaintiff's fifth objection fails.

Finally, Plaintiff argues that Judge Prince erred in granting summary judgment in favor of Defendants. (Doc. No. 40 at 2.) A *de novo* consideration of this argument leads the Court to conclude that Plaintiff's objection is without merit. The Court finds no error in Judge Prince's conclusion that summary judgment is warranted because there is no genuine issue as to any material fact and Defendants are entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Thus, Plaintiff's sixth and final objection also fails.

**AND NOW**, on this 6th day of December 2010, upon consideration of Magistrate Judge Prince's report and recommendation (Doc. No. 37) and Plaintiffs' objections (Doc. No. 40), it is **HEREBY ORDERED THAT** the report and recommendation is **ADOPTED**. Accordingly, summary judgment is **GRANTED** in favor of Defendants. The Clerk of Court is directed to close this case.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania